**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALVIR KAUR DHILLON and JAGRAJ SINGH DHILLON, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER JR., Attorney General, <br><br> Respondent. | No. 11-73542 <br><br> Agency Nos. A089-679-410 <br> A089-679-411 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 11, 2013[**]
Seattle, Washington

Before: TASHIMA, GRABER, and MURGUIA, Circuit Judges.

Petitioners Balvir Kaur Dhillon and Jagraj Singh Dhillon petition for review

of a final order of removal. Reviewing for substantial evidence, Cortez-Pineda v.

Holder, 610 F.3d 1118, 1124 (9th Cir. 2010), we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Substantial evidence supports the Board of Immigration Appeals' ("BIA") adverse credibility determination. Lead Petitioner testified repeatedly that her husband was arrested exactly four times and that she was present at the fourth arrest. When confronted with the fact that she could not have been present at his fourth arrest, she then testified that her husband was arrested five times. The BIA was not required to believe her explanation that she had been confused when answering the earlier questions. That inconsistency was not trivial and was considered by the BIA in light of the totality of the circumstances. See 8 U.S.C. § 1158(b)(1)(B)(iii) ("Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . ."); Shrestha v. Holder, 590 F.3d 1034, 1044 (9th Cir. 2010) ("When an inconsistency is cited as a factor supporting an adverse credibility determination, that inconsistency should not be a mere trivial error such as a misspelling, and the petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility." (citations omitted)).

The BIA correctly held that, without credible testimony or other persuasive evidence, Petitioners failed to meet their burden to establish entitlement to asylum, withholding of removal, or protection under the Convention Against Torture.

**Petition DENIED.**

2